# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO ESTRADA, | 1:12-cv-00280-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| K. ALLISON, | [Doc. 13] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges a disciplinary conviction on the grounds that the disciplinary was improperly classified, resulting in the loss of 120 days credit, instead of 30 days. Petitioner seeks relief for alleged violations of state law. Petitioner does not dispute the facts underlying his disciplinary conviction. Rather, he contends that the disciplinary was erroneously classified as a division C offense instead of a division F offense.

During a search of petitioner's prison cell, a brown/reddish pulpy substance that smelled of alcohol was found under the bottom bunk, in a plastic bag, in a cardboard box. The substance was determined to be inmate manufactured alcohol, also referred to as pruno. Petitioner was issued a CDC 115, Rules Violation Report charging him with possession of inmate manufactured alcohol. Petitioner appeared before a senior hearing officer for a hearing on the charge of possession of inmate manufactured alcohol. He was given the opportunity to be heard, and stated

"[i]t was not alcohol, I had materials for pruno." Petitioner was found guilty of the rule violation, and he was assessed a 120 day loss of credit consistent with a division C offense under the California Code of Regulations, section 3323(e)(10).

Petitioner filed a petition challenging the classification of the disciplinary as a division C offense in Superior Court. The Superior Court denied the petition finding that the decision by the hearing officer was supported by "some evidence."

Petitioner next filed a petition raising the same claims in the California Court of Appeal. The California Court of Appeal for the Fourth District issued the last reasoned decision denying the claim stating:

> The petition for writ of habeas corpus has been read and considered by Justices Benke, Huffman and Nares.
>
> Petitioner is an inmate at Calipatria State Prison. During a search of his cell, officials found one gallon of inmate manufactured alcohol under the bottom bunk in a plastic bag. On March 31, 2010, petitioner was found guilty of a serious rules violation for possession of inmate manufactured alcohol, and was assessed 120 days forfeiture of credits.
>
> Petitioner does not challenge the sufficiency of the violation, but contends that the offense should have been classified as a division "F" offense, resulting in a loss of only 30 days credit, instead of a division "C" offense. Petitioner contends that under the regulations, "fermentation or distillation of materials in a manner consistent with the production of alcohol" is a division "F" offense. (Cal. Code Regs., tit. 15, § 3323, subd. (h)(6).) However, petitioner was charged with and found guilty of "possession of inmate manufactured alcohol." The regulations provide that "[t]he physical possession of alcohol in an institution/facility" is a division "C" offense, with an attendant forfeiture of up to 120 days of credits." (*Id*., at § 3323, subd. (e)(10).) Petitioner fails to state a prima facie case for relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 475.)

(Ex. 4, to Motion.)

Finally, Petitioner filed a petition in the California Supreme Court challenging the disciplinary on the grounds that it was unlawfully classified as a division C offense instead of a division F offense. The Petition was summarily denied.

Petitioner filed this federal habeas petition, which raises the same challenge raised in the petitions filed in the state courts. Petitioner challenges the fact that the disciplinary was classified as a division "C" offense resulting in the loss of 120 days of credit, instead of a division "F"

1  offense which carried a 30 day loss of credit.

2      On March 23, 2012, Respondent filed a motion to dismiss the petition for failure to state
3  a cognizable claim.  Petitioner did not file an opposition.

4      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
5  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
6  plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4
7  of the Rules Governing  2254 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
8  1990).

9      In the instant petition, Petitioner does not contend that the facts underlying the
10 disciplinary are not supported by the evidence.  Nor does he challenge the process he received at
11 the disciplinary hearing.  In fact, Petitioner concedes that a "brownish/reddish pulpy substance
12 that smelled of alcohol" was found in his cell and under his bunk.  (Pet. at 6a-6b.)  But, Petitioner
13 contends that it was not inmate manufactured alcohol because according to him it was in the
14 fermentation process.  Petitioner's entire claim is premised on his interpretation of the state
15 regulations and the application of the regulations to the facts of his case.  The state courts,
16 however, have interpreted the regulations when denying his petition, and found that the
17 disciplinary was properly classified as a division C offense.

18     Petitioner attempts to repackage his state law claim into a federal due process claim
19 simply by alleging a due process violation.  Petitioner argues "the Senior Hearing Officer erred in
20 the disposition because the specific act of 'manufactured alcohol' and the evidence presented at
21 the hearing falls squarely into a Division 'F' offense with a credit forfeiture of 30 days."  (Pet. at
22 6a.)  Petitioner concludes that "the hearing officer erred in the disposition assessing unlawful
23 penalties under the governing rules and in violation of petitioners [sic] due process rights under
24 the State and Federal Constitutions."  There is no due process right to a specific classification of
25 a disciplinary offense.  Petitioner's claim is only that the disciplinary was improperly classified
26 as a division C offense, based on his interpretation of the state regulations.  In support of his
27 argument, Petitioner submits a copy of a Rules Violation Report issued to fellow inmate Juarez
28 for manufacturing alcohol, classified as a division "F" offense.  However, unlike Petitioner in

...
...
...
...

1  this case, inmate Juarez's violation report specifically stated that Juarez's cellmate, inmate
2  Martinez, specifically stated, "[t]he pruno is mine. My Bunkie had nothing to do with it." (Ex.
3  B, to Pet.) Thus, inmate Juarez's violation report is distinguishable and does not support
4  Petitioner's argument. The state courts considered his claim and found that the disciplinary
5  offense was properly classified. Accordingly, Respondent's motion to dismiss should be granted
6  and the petition should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition be GRANTED; and

2. The Clerk of Court be directed to dismiss this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 10, 2012                         /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE